**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| GLORIA HILL, | |
| --- | --- |
| Plaintiff, | 8:19CV568 |
| vs. | |
| SOUTHLAW PC, Case #223126; and EDWARD E. BRINK, NSBA 19504; | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the Motion to Dismiss filed by Defendants SouthLaw, P.C., and Edward E. Brink, ECF No. 10. Also pending are Plaintiff Gloria Hill's Demand for Default, ECF No. 8; Demand to Strike, ECF No. 13; Motion for Sanction, ECF No. 7; and request for Temporary Restraining Order, ECF No. 6. Hill has not responded to Defendants' Motion, and the time in which to do so has passed.  For the following reasons, Defendants' Motion to Dismiss will be granted and Plaintiff's Motions will be denied.

## BACKGROUND

The following is a summary of the facts alleged in the Complaint, ECF No. 1, assumed true for the purpose of the Motion to Dismiss.

On or about January 10, 2019, Hill purchased a home at 14622 Mormon Street in Bennington, Nebraska. She obtained a mortgage loan from U.S. Bank, in the approximate amount of $181,550.00. She made timely payments to U.S. Home Mortgage from January 2019 until June 2019.

On October 18, 2019, a Notice of Default was issued. It was signed by Defendant Edward Brink of SouthLaw, P.C., and listed Brink as the Successor Trustee.

Approximately 60 days later, a Notice of Trustee Sale scheduling a non-judicial foreclosure auction for January 16, 2020, was sent to Hill. The auction was postponed to January 16, 2020, as a result of Hill's contact with U.S. Bank's Mortgage Assistance Program.

In late 2019, "after three times of lost paperwork, and several missed calls and calls and emails not returned, [Hill] found [the property] on Google listed for sale as of January 2, 2020." Compl., ECF No. 1, Page ID 12. Hill contacted the Mortgage Assistance Program and was told if she submitted a signed application, child support decree, and bank statements, the case would be reviewed again. "Representative Kwen" apologized for any inconvenience and "said that she could definitely work things out." *Id.* When Hill called the next day to verify the paperwork she emailed was received, she was told the paperwork was not needed because the case expired; she must restart the process; and the property was scheduled be to sold on January 16, 2020.

On December 30, 2019, Hill filed her Complaint against SouthLaw and Brink, alleging violations of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq.*; the Truth in Lending Act (TILA), 15 U.S.C. §1601 *et seq.*, and various purported federal and state laws. Hill alleges, among other things, that the individual who "signed the default letter on behalf of the trustees was without legal documentation to verify legal authority" and that "the document used to execute the power of sale clause in the deed of trust was signed by a party that did not have standing to initiate the Non-Judicial Foreclosure and therefore the foreclosure is void." Compl., ECF No. 1, Page ID 4. Defendants filed a Motion to Dismiss, ECF No. 10, seeking dismissal for lack of subject

matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

## STANDARDS OF REVIEW

### I. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). "In a facial challenge to jurisdiction, the court presumes all of the factual allegations concerning jurisdiction to be true and will grant the motion only if the plaintiff fails to allege an element necessary for subject matter jurisdiction." *Young Am. Corp. v. Affiliated Comput. Servs.,* 424 F.3d 840, 843-44 (8th Cir. 2005) (citing *Titus*, 4 F.3d at 593).

### II. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Corrado v. Life Inv'rs Ins. Co. of Am.*, 804 F.3d 915, 917 (8th Cir. 2015) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015)

(quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

On a motion to dismiss, courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679).

While "a pro se complaint must be liberally construed, and 'pro se litigants are held to a lesser pleading standard than other parties,'" *Whitson v. Stone Cty. Jail*, 602 F.3d 920, 922 (8th Cir. 2010) (quoting *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008)), "they still must allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). Construing the complaint liberally "mean[s] that if the essence of an allegation is discernible . . . then the district court should construe the

complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone*, 364 F.3d at 914).

## DISCUSSION

### I. Motion to Strike

In her Demand to Strike, ECF No. 13, Hill asks the Court to strike Defendants' Notice of Appearance on the premise that a corporation cannot represent itself in Court. Defendants are represented by Liliana Shannon. Although Liliana Shannon is employed by Defendant SouthLaw, P.C., she is an attorney licensed to practice in the State of Nebraska. Thus, Hill's Motion to Strike will be denied.

### II. Demand for Default

In her Demand for Default, ECF No. 8, Hill seeks entry of a default judgment against Defendants. Her Complaint was filed on December 30, 2019. According to Defendants, service was perfected on January 3, 2020. Motion to Dismiss, ECF No. 10, Page ID 63. Hill has not filed proof of service. Pursuant to Fed. R. Civ. P. 12(a)(1)(A), "A defendant must serve an answer . . . within 21 days after being served . . . ." In calculating the deadline for answering the Complaint, "the day of the event that triggers the period" is excluded. Fed. R. Civ. P. 6. Thus, Defendants had until January 24, 2020, to file a responsive pleading; their Motion to Dismiss, ECF No. 10, filed on January 24, 2020, was timely; and Hill's motion for default judgment will be denied.

### III. Motion to Dismiss Pursuant to Fed. R. Civ. R. 12(b)(1)

Federal district courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "The basic statutory grants of federal-court

subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for '[f]ederal-question' jurisdiction, § 1332 for '[d]iversity of citizenship' jurisdiction." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Defendants present a facial challenge to subject matter jurisdiction.

Hill's Complaint asserts subject matter jurisdiction pursuant to § 1331. Defendants argue that the Complaint should be dismissed because it fails to invoke federal question jurisdiction.[1] Specifically, Defendants argue it is impossible to determine from the Complaint how Defendants allegedly violated the Constitution, FDCPA, or TILA; and that the Complaint fails to show the cited provisions of the Constitution provide a private cause of action or allow for the damages Hill seeks.

"A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513 (2006) (quoting *Bell v. Hood*, 327 U.S. 678, 681-685 (1946)). "A non-frivolous claim of a [federal] right or remedy . . . is sufficient to invoke federal question jurisdiction." *Stanko v. Oglala Sioux Tribe*, 916 F.3d 694, 698 (8th Cir. 2019) (quoting *Weeks Constr., Inc. v. Oglala Sioux Hous. Auth.*, 797 F.2d 668, 672 (8th Cir. 1986)).

Hill's Complaint presents at least colorable claims that arise under two federal statutes, FDCPA and TILA. Thus, her Complaint will not be dismissed for lack of subject matter jurisdiction.

## IV. Motion to Dismiss Pursuant to Fed. R. Civ. R. 12(b)(6)

---

[1] Hill asserted only federal question jurisdiction under 28 U.S.C. § 1331. It is her burden to plead the citizenship of the parties if she attempts to invoke diversity jurisdiction under 28 U.S.C. § 1332. *Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 161 (8th Cir. 1997). Hill does not allege diversity under § 1332 and the Court cannot conclude that diversity exists from the allegations in Hill's Complaint.

**A. Fair Debt Collect Practices Act Claim**

Hill claims one or both Defendants violated the FDCPA by using "misrepresentation, fraud, harassment, unfair means, and deception to collect a debt." Compl., ECF No. 1. Her Complaint consists largely of threadbare recitals of the elements of an FDCPA cause of action, supported by conclusory statements rather than factual allegations. However, two of her arguments warrant additional discussion.

Hill claims the Defendants violated the FDCPA by acting as debt collectors without the requisite license and bond, and without having first registered with the state Attorney General. *Id.* at 15. She also references an alleged requirement that the debt collector operate in conjunction with a licensed attorney. *Id.* Under the Nebraska Trust Deeds Act, Neb. Rev. Stat. § 76-1003, members of the Nebraska Bar Association are among those qualified to be trustees of a deed of trust. The caption of Hill's Complaint as well as the signature block of the Notice of Default reference Edward E. Brink's Nebraska State Bar Association number, and Brink is listed on the Notice of Default as the Successor Trustee. Hill makes no factual allegations demonstrating that Brink was unable to act as trustee of the deed of trust. Thus, Hill's FDCPA claim premised on Defendants' alleged inability to conduct the nonjudicial foreclosure fails as a matter of law.

Hill also alleges that one or more of the Defendants "transmitted to various credit reporting agencies, including Equifax, false adverse information about the plaintiff" causing her credit to be impaired. Compl., ECF No. 1, Page ID 13. Section 1692e(8) of the FDCPA prohibits "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed." Even assuming this alleged transmission

took place outside the nonjudicial foreclosure proceedings,[2] Hill has not alleged any facts

as to the nature of the information transmitted or how it was false. Hill also failed to plead

facts demonstrating Defendants knew or should have known the information was false.

Thus, Hill's FDCPA claim based on the transmission of information to the credit reporting

agency will be dismissed.

To the extent Hill attempted to assert any additional claims under FDCPA, her

assertions are vague and conclusory, and she has not pled enough facts to survive

Defendants' Motion to Dismiss.

### B. Truth in Lending Act Claim

Hill's Complaint alleges that the defendant[3] "violated the Truth in Lending Act,

Regulation Z, [12 C.F.R. § 226.23], which states that the security agreement signed with

a lender can be rescinded if they have not provided the proper disclosures."[4] ECF No. 1,

Page ID 3. Hill makes no factual allegations as to what disclosures she did not receive or

---

[2] "[B]ut for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the [FDCPA]." *Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1038 (2019). Section 1692f(6) prohibits

> Taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if-- (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest; (B) there is no present intention to take possession of the property; or (C) the property is exempt by law from such dispossession or disablement.

15 U.S.C.A. § 1692f.

[3] The Truth in Lending Act section of Hill's Complaint begins "The defendant (attorney name) violated . . . ." ECF No. 1, Page ID 3. Thus, it is unclear which defendant is being referenced.

[4] Hill states that "The original debt was actually zero because the Plaintiff's financial asset was exchanged for FED's promissory notes in an even exchange." Compl., ECF No. 1, Page ID 3. Hill goes on to discuss, among other things, how one of the defendants misrepresented himself to the court as a licensed attorney without having a license to practice and misled the court when "he/she" executed the unlawful non-judicial foreclosure and eviction case in State Court. It is unclear how these allegations relate to the Truth in Lending Act Claim or what the acronym FED represents.

how the disclosures she received were deficient. She also has not alleged that she attempted to exercise any right to rescind and was unable to do so, or that SouthLaw, P.C., or Brink were in any way involved with the initial transaction or otherwise required to provide any disclosures. *See* 12 C.F.R. § 226.23 ("In a transaction subject to rescission, a creditor shall deliver two copies of the notice of the right to rescind to each consumer entitled to rescind . . . ."); 15 U.S.C. § 1635 ("The creditor shall clearly and conspicuously disclose, in accordance with regulations of the Bureau, to any obligor in a transaction subject to this section the rights of the obligor under this section."). Thus, Hill's Complaint fails to state a claim underTILA and her claim will be dismissed.

### C.  Other Federal Claims

Hill's Complaint alleges that "defendant violated Federal Trust and Lien Laws when he signed on behalf of the trustee without legal authorization." ECF No. 1, Page ID 17. Hill's Complaint further states:

> The plaintiff also has other claims for relief because he will prove there was [ ] a conspiracy to deprive him of property without the administration of justice, in violation of plaintiff's due process of law under Title 42 U.S.C. 1983 (Constitutional injury), 1985 (Conspiracy) and 1986 ('Knowledge' and 'Neglect to Prevent' a U.S. Constitutional Wrong).

*Id.* at 6. With respect to these claims, Hill's Complaint does not contain enough facts to state a claim for relief that is plausible on its face and the claims will be dismissed.

### D.  State Law Claims

Hill's Complaint purports to assert state law claims for wrongful foreclosure, breach of contract, slander of title, slander of credit, intentional infliction of emotional distress, and negligent infliction of emotional distress. This Court's subject-matter jurisdiction was based on 28 U.S.C. § 1331, with supplemental jurisdiction over state law claims under 28

U.S.C. § 1367. "The district court[ ] may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c). Having dismissed all claims over which the Court had original jurisdiction, the Court declines to exercise supplemental jurisdiction over Hill's state law claims and they will be dismissed.

## V.  Motion for Temporary Restraining Order

In light of the dismissal of all of the claims in Hill's Complaint her motion for temporary restraining order, ECF No. 6, will be denied as moot.

## VI.  Motion for Rule 11 Sanctions

In her Motion for Sanction Pursuant to Rule 11, ECF No. 7, Hill seeks sanctions for an action filed without pre-filing investigation and filed with a defective affidavit. Rule 11 requirements apply only to filing in federal court. *Edwards v. General Motors Corp.*, 153 F.3d 242, 245 (5th Cir. 1998). The conduct referred to in Hill's Motion is alleged to have occurred in the foreclosure proceeding which is the basis of her Complaint. Thus, her Motion will be denied.

Accordingly,

IT IS ORDERED:

1.      Plaintiff's Demand for Default, ECF No. 8, is denied;

2.      Plaintiff's Demand to Strike, ECF No. 13, is denied;

3.      Plaintiff's Motion for Sanction, ECF No. 7, is denied;

4.      Plaintiff's request for Temporary Restraining Order, ECF No. 6, is denied;

5.      Defendants' Motion to Dismiss, ECF No. 10, is granted;

6.      This action is dismissed, without prejudice; and

7.      A separate judgment will be entered.

Dated this 20th day of February 2020.

                                              BY THE COURT:

                                              s/Laurie Smith Camp
                                              Senior United States District Judge